IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES CAMERON ANTHONY GRIFFIN, JR.                                    PLAINTIFF

V.                          CASE NO.: 5:16-CV-05187

MATT DURRETT, Prosecuting Attorney                                    DEFENDANT

OPINION AND ORDER

This is a civil rights case filed by the Plaintiff Thomas Wilson under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. He is currently incarcerated in the Washington County Detention Center.

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff has been incarcerated since July 6, 2013, without being brought to trial. Plaintiff alleges the Defendant, Washington County Prosecuting Attorney Matt Durrett, has violated the "fast and speedy trial" act.

As relief, Plaintiff seeks compensatory and punitive damages. Additionally, Plaintiff asks for the Federal Bureau of Investigation to conduct an investigation into the Washington County legal system and jail.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's damages claim against Durrett is subject to dismissal, as Durrett is entitled to immunity. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (finding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (holding that county prosecutors were entitled to absolute immunity from suit).

As to Plaintiff's request for injunctive relief, prosecutors are not immune from claims for equitable relief. *Supreme Court v. Consumers Union*, 446 U.S. 719, 736-38 (1980).

However, "[t]he federal courts should not interfere in state criminal court proceedings [by granting equitable relief] when state and federal law provide adequate legal remedies and when intervention needlessly threatens the principle of comity." *Smith v. Bacon*, 699 F. 2d 434, 437 (8th Cir. 1983) (per curiam) (citation omitted). Generally, adequate legal remedies exist through the use of state procedural safeguards and state and federal habeas corpus proceedings. *Rogers v. Bruntrager*, 841 F. 2d 853, 856 (8th Cir. 1988). Under Arkansas law, a defendant may be entitled to release from incarceration and/or dismissal of criminal charges if not brought to trial within the time provided by Rule 28.2 of the Arkansas Rules of Civil Procedure. This provides the Plaintiff with an adequate legal remedy.

Finally, the Court has no authority to investigate matters; rather, the power to investigate lies with the Federal Bureau of Investigation and the United States Department of Justice. *See e.g., Friedman v. United States*, 374 F.2d 363, 367-68 (8th Cir. 1967).

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983, is frivolous, and/or is asserted against an individual immune from suit. The case is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS SO ORDERED** on this 17th day of August, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

3